| | |
|---|---|
| DISTRICT COURT, LARIMER, COLORADO<br>Court Address: Larimer County Justice Center<br>201 LaPorte Ave., Suite 100<br>Fort Collins, Colorado 80521<br>Phone Number: (970) 498-6100 | EFILED Document<br>CO Larimer County District Court 8th JD<br>Filing Date: Jul 18 2011  8:17AM MDT<br>Filing ID: 38731386<br>Review Clerk: Sean Slagle |
| **Plaintiff:  William Kunzman**<br><br>**Defendants: Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W4; Deborah A. Morgan, as Public Trustee of Larimer County, Colorado.** | |
| | Δ  COURT USE ONLY  Δ |
| | **Case No.**  11 CV 1387<br><br>Ctrm.: 3B |
| **ORDER  REGARDING MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF REGARDING FORECLOSURE AND SALE OF REAL PROPERTY PURSUANT TO RULE 120** | |

THE COURT, having reviewed this Verified Complaint and Verified Motion of Plaintiff, William Kunzman, finds as follows:

1. Plaintiff has filed a Verified Complaint contemporaneously with the filing of this Verified Motion.

2. Plaintiff is the owner of real property located in Larimer County, Colorado, described as Lot 22, "Cushman's Lakeview Development", Second Filing, County of Larimer, State of Colorado, together with all appurtenances.  The property has a street address of 4317 Ann Street, Fort Collins, CO 80526.

3. Defendant Deutsche Bank National Trust Company (Deutsche Bank) holds a promissory note secured by a Deed of Trust on the Property.  Deutsche Bank asserts it

1



is the real party in interest and the lawful holder of the Note and Deed of Trust on Plaintiff's property.

4. Defendant Deutsche Bank initiated a foreclosure and sale of Plaintiff's real property pursuant to Rule 120, C.R.C.P, in April 2011. A hearing was had on the Defendant's Rule 120 motion and the court therein signed the Order Authorizing Sale. The public trustee sale is scheduled for July 20, 2011.

5. The Plaintiff raises an issue of the validity of the assignment to the Defendant Deutsche Bank, an issue that was not ruled on by the Magistrate who ordered the sale.

6. The Plaintiff has demonstrated a likelihood of succeeding on the merits of his Complaint.

7. Plaintiff will suffer immediate, permanent, and irreparable harm if a Temporary Restraining Order and Temporary Injunction are not entered. Plaintiff will lose his residence along with the equity therein after 13 years of ownership.

8. Plaintiff is without adequate and speedy remedy at law and is in substantial need of immediate protection.

9. The balance of the equities favors the injunction. The damage to Plaintiff will greatly outweigh the harm to Defendant if Defendant's actions are not restrained. Defendant will suffer no immediate harm in that it may continue the foreclosure proceeding rather than dismiss it.

10. The temporary restraining order will preserve the *status quo,* pending a trial on the merits and will not disserve the public because no harm will come to the parties.

11. The Plaintiff's attorney certified in the verified motion the efforts which were made to serve to Deutsche Bank, and the Court finds that he has presented sufficient

2

reasons to proceed without notice.

Therefore, pursuant to C.R.C.P. 65(b), the Court ORDERS:

a. That a temporary restraining order will enter effective until the date of trial on the preliminary injunction or further order of the Court, hereby enjoining the Public Trustee of Larimer County, Colorado from selling Plaintiff's real property.

b. The Public Trustee of Larimer County is directed to withdraw the real property from the Public Trustee's sale currently scheduled for July 20, 2011 and to cancel the pending sale of Plaintiff's real property until further order of the Court.

c. The Plaintiff must post a bond under C.R.C.P. 65(c) of $500 in connection with the issuance of this Temporary Restraining Order.

c. The Court Orders that a hearing on the Motion for Preliminary Injunction is hereby scheduled for Thursday, July 28, 2011 at 2:00 p.m. The Plaintiff is responsible for providing a copy of this order and a notice of the hearing on the Motion to all other parties and counsel.

SO ORDERED.

Dated: July 18, 2011 at 8:15 a.m.

BY THE COURT

Julie Kunce Field
DISTRICT COURT JUDGE