IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02328-PAB

WILLIAM KUNZMAN,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for
Argent Securities Inc., Asset-Backed Pass-Through Certificates,
Series 2005-W4, and
DEBORAH A. MORGAN, as Public Trustee of Larimer County, Colorado,

    Defendants.

---

## ORDER OF REMAND

---

    This matter is before the Court *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant Deutsche Bank National Trust Company ("Deutsche Bank"). The notice alleges that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. With respect to the citizenship of the parties, the notice further provides in pertinent part that "plaintiff avers in the complaint that he is the owner of property in Colorado, and thus is domiciled in the state of Colorado," Docket No. 1 at 4, ¶ 9 (citing Docket No. 1-7 at 3, ¶ 1), and that "Deutsche Bank is incorporated in New York, and therefore is a citizen of that state." Docket No. 1 at 4, ¶ 10 (citing *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005), Docket No. 1-7 at 4, ¶ 3).

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens*

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  See *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter.").  Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873.  Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached.  See *U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Deutsche Bank invokes 28 U.S.C. § 1332(a)(1) as the basis for this Court's diversity jurisdiction. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

In regard to its own citizenship, Deutsche Bank alleges that it is "incorporated in New York, and therefore is a citizen of that state." Docket No. 1 at 4, ¶ 10 (citing *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005), Docket No. 1-7 at 4, ¶ 3). Deutsche Bank appears to represent that it is a corporation subject to the provisions of 28 U.S.C. § 1332(c)(1).[1] For example, in describing the relevant analysis for determining its citizenship, Deutsche Bank asserts that "[d]omicile, in the context of legal entities, is generally determined by where the entity is incorporated, registered, *or* has its principle [sic] place of business." Docket No. 1 at 4, ¶ 8 (emphasis added) (citing *MacGinnitie*, 420 F.3d at 1239). However, as the court in *MacGinnitie* pointed out, "[f]or diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." 420 F.3d at 1239 (citing 28 U.S.C. § 1332(c)). Deutsche Bank has failed to allege its principal place of business. Moreover, Deutsche Bank cites the state court complaint in support of its

---

[1] Deutsche Bank does not expressly allege that it is a corporation subject to 28 U.S.C. § 1332(c). *See Eckerle v. Deutsche Bank Nat. Trust*, 2010 WL 3984687, at *1 (D. Haw. Sep. 17, 2010) ("In the notice of removal, Defendants allege that [Deutsche Bank National Trust] is a national banking association with its principal place of business in California . . . ."); *cf. Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (addressing analysis for determining citizenship of national banking associations pursuant to 28 U.S.C. § 1348).

averment that it is only a citizen of New York.  The state court complaint, however, alleges that Deutsche Bank "is a corporation with a corporate address of 1761 East St. Andrew Place, Santa Ana, California."  Docket No. 1-7 at 4, ¶ 3; *cf. Roper v. Saxon Mortgage Services, Inc.*, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) ("Defendant Deutsche Bank National Trust Company exists under the laws of the State of California with its principal place of business in California.").[2]

In addition to failing to establish its own citizenship, Deutsche Bank incorrectly states that citizenship of a natural person is "the state where they reside at the time of removal."  Docket No. 1 at 4, ¶ 8.  Rather, for purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled.  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  Domicile, in turn, is determined by the combination of physical presence in a location and an intent to remain there indefinitely.  *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  Further, "'[d]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another."  *Id*.  In any event, Deutsche Bank fails to allege even the residence of plaintiff.  Its only factual averment regarding plaintiff's citizenship is that plaintiff "is the owner of property in Colorado."  Docket No. 1 at 4, ¶ 9 (citing Docket No.

---

[2]The Court also notes that Deutsche Bank is named as a trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W4 ("Argent").  Argent is identified by Deutsche Bank as a limited liability company.  *See* Docket No. 1 at 2, ¶ 2; *see also* Docket No. 1-7 at 4, ¶ 2.  Deutsche Bank does not explain what, if any, relevance Argent's citizenship may have on the assessment of the Court's jurisdiction.  *Cf. U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009) (concluding that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens) (listing cases).

1-7 at 3, ¶ 1 ("Plaintiff owns real property located in Larimer County, Colorado . . . .").

The foregoing deficiencies in Deutsche Bank's jurisdictional averments raise a number of uncertainties regarding the Court's exercise of jurisdiction over this matter. Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction."). Therefore, it is

**ORDERED** that this matter is remanded to the District Court of Larimer County, Colorado where it was originally filed as Case No. 11 CV 1387.

DATED September 12, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge